IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER MATHIESEN, | |
| Plaintiff, | 8:25CV716 |
| v. | |
| TIMOTHY P. BURNS, JEFFREY J. FUNKE, STEPHANIE F. STACY, WILLIAM B. CASSEL, JONATHAN J. PAPIK, JASON M. BERGEVIN, JOHN R. FREUDENBERG, LINDSEY MILLER-LERMAN, and RYAN DOUGHERTY, | ORDER |
| Defendants. | |

This matter is before the Court on *pro se* plaintiff Christopher Mathiesen's ("Mathiesen") Motion for a Temporary Restraining Order (Filing No. 2). He asks this Court to enjoin the defendants from "proceeding with the dissolution, liquidation, or distribution of assets of Apostle Nursing Home Health Care, LLC"—The LLC at the center of the state court case he lost. *See Kellogg v. Mathiesen*, 26 N.W.3d 651 (Neb. 2025). Even though the Nebraska Supreme Court heard his appeal and ruled against him, he claims that the Douglas County District Court order authorizing the dissolution is "void" from the beginning "because it usurps exclusive bankruptcy and tax jurisdiction to waive debt and fabricate standing." He claims immediate and irreparable harm will result if dissolution proceeds because his capital will be lost.

In determining whether to grant a temporary restraining order, the Court must consider the factors set forth in *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Those factors include: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Id.* at 114. "[N]o single [*Dataphase*] factor is

determinative," and the burden is on the movant to establish the propriety of the remedy. *See Schmitt v. Rebertus*, 148 F.4th 958, 966 (8th Cir. 2025). Moreover, a temporary restraining order cannot issue without a showing of irreparable harm. *Dataphase*, 640 F.2d at 114 n.9. And harm is not irreparable when a party can be fully compensated for its injuries through an award of damages. *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009).

Beyond the *Dataphase* factors, the Court also considers the need for the emergency *ex parte* relief afforded by a temporary restraining order. *See* Federal Rule of Civil Procedure 65(b) (allowing the Court to "issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if" the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required"). The record in this case does not establish a need for *ex parte* relief, *see id.*, nor does it establish that Mathiesen could not be "fully compensated for [his] injuries through an award of damages," s*ee Harry Brown's*, 563 F.3d at 319.

Having considered the *Dataphase* factors and the arguments laid out in Mathiesen's brief (Filing No. 3), the plaintiff's Motion for Temporary Restraining Order (Filing No. 2) is denied.

Dated this 17th day of December 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge