IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER MATHIESEN,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY P. BURNS, JEFFREY J. FUNKE, STEPHANIE F. STACY, WILLIAM B. CASSEL, JONATHAN J. PAPIK, JASON M. BERGEVIN, JOHN R. FREUDENBERG, LINDSEY MILLER-LERMAN (IN HER OFFICIAL CAPACITY), RYAN DOUGHERTY, LINDSEY MILLER-LERMAN (IN HER INDIVIDUAL CAPACITY), CODY S. BARNETT, CHRISTIAN T. WILLIAMS, KEITH A. HARVAT, and JUSTIN D. EICHMANN,<br><br>Defendants. | 8:25CV716<br><br><br>**MEMORANDUM AND ORDER** |

Before the Court is Plaintiff's Motion to Disqualify Counsel for [sic] Individual Capacities, Filing No. 45, and Plaintiff's Rule 15(a)(2) Motion for Leave to Amend to Add Necessary Joinders and New Cause of Action. Filing No. 79. Both motions are denied as set forth herein.

## I.    Motion to Disqualify (Filing No. 45).

Plaintiff moves to disqualify the Nebraska Attorney General from concurrently representing several state court judges[1] in their official and individual capacities. It is

---

[1] The Honorable Timothy P. Burns, Jeffrey J. Funke, Stephanie F. Stacy, William B. Cassel, Jonathan J. Papik, Jason M. Bergevin, and John R. Freudenberg. The Honorable Lindsey Miller-Lerman is also a named defendant, but she retired from the Nebraska Supreme Court in 2025, and the Attorney General is

1

Plaintiff's burden to prove disqualification is required. *See Awnings v. Fullerton*, 912 F.3d 1089, 1096 (8th Cir. 2019). The Court must resolve "legitimate doubts . . . in favor of disqualification." *J. Swanson & Co., LLC v. Rejuvenating Nutrition Coaching, LLC*, No. 23-cv-1323, 2024 WL 4544137, at *5 (D. Minn. Apr. 25, 2024) (quoting citation omitted). However, due to "the potential for abuse by opposing counsel, disqualification motions should be subjected to particularly strict judicial scrutiny." *Sundquist v. Nebraska*, No. 8:14CV220, 2015 WL 6118515, at *1 (D. Neb. Oct. 16, 2015) (quoting *Harker v. Comm'r*, 82 F.3d 806, 808 (8th Cir. 1996)). "When it comes to disqualifying counsel at the pretrial stage, the Court of Appeals takes a very dim view of such a ruling." *Id.* (quoting *Turner v. AIG Domestic Claims, Inc.*, 823 F. Supp. 2d 899, 905 (D. Neb. 2011)).

"When considering whether an attorney should be disqualified from representing a party, the court may consider the ABA code or Rules of professional conduct, any rules of professional conduct adopted by the district court, the court's duty to maintain public confidence, and the court's duty to [e]nsure the integrity of judicial proceedings." *Sundquist*, No. 8:14CV220, 2015 WL 6118515, at *1. This Court adopted the Nebraska Rules of Professional Conduct. NEGenR 1.8(a). In relevant part, the Nebraska Rules of Professional Conduct prohibit a lawyer from representing a client when "the representation involves a concurrent conflict of interest." § 3-501.7(a). A concurrent conflict of interest exists if "the representation of one client will be directly adverse to another client" or "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client[.] § 3-501.7(a). The client may waive the concurrent conflict of interest in writing in certain circumstances. § 3-501.7(b).

As an initial matter, contrary to Plaintiff's assertions, it is well established that the Attorney General is not prohibited from representing a party in their individual capacity. *See Christians v. Young*, No. 4:20-CV-4083, 2024 WL 4291285, at *2 (D.S.D. Sept. 25, 2024) (collecting cases rejecting this argument under various state's laws). Nebraska law

---

only representing Justice Miller-Lerman in her official capacity. Additionally, after filing the motion to disqualify, Plaintiff amended his Complaint, Filing No. 67, in part to add Nebraska Solicitor General Cody S. Barnett. The Attorney General is also representing Barnett in his official and individual capacities but Plaintiff has not moved to challenge this representation.

authorizes the Attorney General "to appear for the state and . . . defend . . . any cause or matter, civil or criminal, in which the state may be a party or interested." Neb. Rev. Stat. § 84-203. At this stage, and with the evidence currently before the Court, the Attorney General is not prohibited from representing the state court judges in their individual capacities in this action.

Plaintiff also argues the Attorney General is disqualified from representing the judges in their individual and official capacities because there is a concurrent conflict of interest. Simply representing a party in their official and individual capacities does not create a conflict of interest. Whether a conflict exists is assessed on a case-by-case basis. *See Christians*, No. 4:20-CV-4083, 2024 WL 4291285, at *1 (Attorney General has the same obligation as any other attorney to assess whether a conflict of interest has arisen).

When the Attorney General represents an official in their individual and official capacities, a conflict could arise due to "differing and potentially conflicting defenses." *Sundquist*, No. 8:14CV220, 2015 WL 6118515, at *2 (quoting *Johnson v. Bd. of Cnty. Comm'rs for Cnty. Of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996)). For example, a conflict could arise when the government entity and the individual disagree about whether the individual was acting within the scope of their official duties. *See Dunton v. Suffolk Cnty.*, 729 F.2d 903, 907 (2d Cir. 1984) (county attorney should have been disqualified from representing officer in his individual capacity when the county argued defendant assaulted a man as an angry husband—the man was engaged in sexual relations with the officer's wife—and not as a police officer). But a potential conflict due to different defenses available to an official sued in their official and individual capacities is not enough. *Sundquist*, No. 8:14CV220, 2015 WL 6118515, at *2. "Separate representation is not required until any 'potential conflict matures into an actual material conflict.'" *Id.* (quoting *Johnson*, 85 F.3d at 493).

Here, Plaintiff does not meet his burden of proving a conflict currently exists between the State's interests and the interests of the state court judges in their individual capacities. Plaintiff argues theoretical conflicts may exist or arise later in this litigation, but he fails to identify an actual material conflict that would disqualify the Attorney General from representing the judges in their individual capacities. Whether Plaintiff believes the

judges acted outside the scope of their employment is irrelevant. The question is whether the State believes the judges acted outside the scope of their employment. The State is not taking this position. Filing No. 72; Filing No. 85; Filing No. 38. There is nothing indicating a conflict currently exists between the State's interests and the interests of the state court judges in their individual capacities. Since there is not a concurrent conflict of interest, there is no need to address whether the judges executed a signed waiver—there is no conflict to waive. Plaintiff's motion to disqualify the Attorney General as counsel for certain state court judges in their individual capacities is denied.

## II.    Motion to Amend (Filing No. 79).

Plaintiff moves to amend the Amended Complaint to join Joshua R. Shasserre and Jennifer A. Huxoll as parties and to add a new cause of action for abuse of process. Plaintiff has already amended his complaint once. Accordingly, he may only amend his complaint a second time "with the opposing party's written consent or the court's leave." Fed. R. Civ. Proc. 15(a)(2). Plaintiff's motion is denied because he failed to comply with the local rules. He failed to file an unsigned copy of his proposed second amended complaint that clearly identifies the proposed amendments. NECivR 15.1(a). The motion will be denied without prejudice to allow Plaintiff a chance to comply with the local rules.

Plaintiff is warned, however, that the Court will not grant a motion to amend if the motion is brought in bad faith to harass defendants. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting citation omitted) ("A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'"). The Court is concerned that Plaintiff is seeking leave to amend to add an attorney who works for the Attorney General's Office simply because she is representing some of the defendants and filed a brief on their behalf. Plaintiff is reminded that, despite his pro se status, he is bound to comply with all applicable law, including the Federal Rules of Civil Procedure and this Court's local rules.

**CONCLUSION**

Accordingly,

IT IS ORDERED:

1) Plaintiff's Motion to Disqualify Counsel for Individual Capacities, Filing No. 45, is denied.

2) Plaintiff's Rule 15(a)(2) Motion for Leave to Amend to Add Necessary Joinders and New Cause of Action, Filing No. 79, is denied without prejudice.

Dated this 9th day of February, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge