IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHRISTOPHER MATHIESEN,

Plaintiff,

vs.

TIMOTHY P. BURNS, JEFFREY J. FUNKE, STEPHANIE F. STACY, WILLIAM B. CASSEL, JONATHAN J. PAPIK, JASON M. BERGEVIN, JOHN R. FREUDENBERG, LINDSEY MILLER-LERMAN (IN HER OFFICIAL CAPACITY), RYAN DOUGHERTY, LINDSEY MILLER-LERMAN (IN HER INDIVIDUAL CAPACITY), CODY S. BARNETT, CHRISTIAN T. WILLIAMS, KEITH A. HARVAT, and JUSTIN D. EICHMANN,

Defendants.

8:25CV716

ORDER

This matter is before the Court on Plaintiff's Motion to Strike, Filing No. 89, in which he requests the Court strike "Defendants' narratives concerning 'oppression,' 'fraud,' and 'abuse'", which are allegedly present in Defendants' brief in support of their motion to dismiss the amended complaint. Filing No. 85. Plaintiff contends this content is immaterial, impertinent, and scandalous.

As noted by Plaintiff, this motion falls within Fed. R. Civ. P. 12(f). Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While the Court enjoys "liberal discretion" in determining whether to strike a party's pleadings, doing so is

an "extreme measure" and thus motions to strike under Rule 12(f) are "infrequently granted." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).

Pursuant to Fed. R. Civ. P. 7(a), the brief at issue is not a pleading. *Perkins v. Davis*, 2015 WL 1349603 at *2 (E.D.Mo. Mar. 25, 2015) (collecting cases); *see also* 5C Fed. Prac & Proc. Civ. 1380 (3d ed.) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)."). Accordingly, Plaintiff's motion, Filing No. 89, is denied.

IT IS SO ORDERED.

Dated this 19th day of February, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge