IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHRISTOPHER MATHIESEN,

Plaintiff,

v.

TIMOTHY P. BURNS, JEFFREY J.
FUNKE, STEPHANIE F. STACY,
WILLIAM B. CASSEL, JONATHAN J.
PAPIK, JASON M. BERGEVIN, JOHN R.
FREUDENBERG, LINDSEY MILLER-
LERMAN, RYAN DOUGHERTY,
CODY S. BARNETT, CHRISTIAN T.
WILLIAMS, KEITH A. HARVAT, and
JUSTIN D. EICHMANN,

Defendants.

8:25CV716

MEMORANDUM
AND ORDER

This matter is before the Court on *pro se* plaintiff Christopher Mathiesen's ("Mathiesen") Motion to Alter or Amend Judgment and for Relief from Judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(2), (3), and (4) (Filing No. 135). He asks the Court "to vacate its Order of Dismissal (Filing No. 125) and subsequent Judgment (Filing No. 126), and to reopen this case to adjudicate [his] independent 42 U.S.C. § 1983 and ADA Title II claims." In his opening brief (Filing No. 136), he raises a host of issues spanning 188 numbered paragraphs and sixty-six pages. His reply (Filing No. 141) adds eighty-six numbered paragraphs over thirty-six pages. He has also provided an index of evidence (Filing No. 133) and an affidavit in support of his newly discovered evidence from the Internal Revenue Service (Filing No. 134).

Defendants Timothy P. Burns, Jeffrey J. Funke, Stephanie F. Stacy, William B. Cassel, Jonathan J. Papik, Jason M. Bergevin, John R. Freudenberg, Lindsey Miller-Lerman, Ryan Dougherty, Cody S. Barnett, Christian T. Williams, Keith A. Harvat, and Justin D. Eichmann ("defendants") all oppose the motion (Filing Nos. 138-40). In essence,

they assert that Mathiesen simply rehashes and relitigates issues he has repeatedly lost. They question the newness of his "newly discovered evidence" and contend it makes no difference in this case in any event. In their view, Mathiesen fails to meet the requisite standard under either rule. The Court agrees.

District courts have "broad discretion in determining whether to alter or amend judgment." *Uradnik v. Inter Fac. Org.*, 2 F.4th 722, 727 (8th Cir. 2021) (quoting *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999)). "Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Akpovi v. Douglas*, 43 F.4th 832, 837 (8th Cir. 2022) (quoting *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018)); *accord United States ex rel. Holt v. Medicare Medicaid Advisors, Inc.*, 115 F.4th 908, 922 (8th Cir. 2024).

Relief under Rule 60(b) is likewise very narrow. *See Nucor Corp. v. Neb. Pub. Power Dist.*, 999 F.2d 372, 374 (8th Cir. 1993) (calling such relief "an extraordinary remedy"). The rule "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022) (quoting *In re Levaquin Prod. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014)). "It is not a vehicle for simple reargument on the merits," *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999), or for relief from "incompetence or carelessness," *Sutherland v. ITT Cont'l Baking Co.*, 710 F.2d 473, 476-77 (8th Cir. 1983).

Mathiesen's Rule 60 motion first focuses on subsection (b)(2), which allows for relief based upon "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." To succeed on that ground, he must establish

> "(1) that the evidence was discovered after the court's order, (2) that the
> movant exercised diligence to obtain the evidence before entry of the order,

(3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a different result."

*Webb v. Exxon Mobil Corp.*, 856 F.3d 1150, 1160 (8th Cir. 2017) (quoting *Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006)).

Rule 60(b)(3) allows for relief based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  "To prevail on [a] Rule 60(b)(3) claim, [the moving party] must show by clear and convincing evidence that [the opposing party] engaged in fraud or other misconduct and that this conduct prevented [the moving party] from fully and fairly presenting its case."  *Wagstaff*, 40 F.4th at 842 (alterations in original) (quoting *In re Levaquin Prod. Liab. Litig.*, 739 F.3d at 404).

Rule 60(b)(4) allows the Court to grant relief when "the judgment is void."

Having carefully reviewed Mathiesen's motion and supporting materials, the Court finds he has not met "the stringent standards" for relief under Rules 59(e) and 60(b).  *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014).  As the defendants point out, the bulk of Mathiesen's submission is a failed attempt to relitigate issues the Court has already decided—subject-matter jurisdiction, immunity, and failure to state a claim.  *See Broadway*, 193 F.3d at 990.  He searches in vain for compelling new evidence and arguments and grasps at inapposite principles of law in an effort to turn the tide, but none of it does.

In light of the foregoing, Mathiesen's Motion to Alter or Amend Judgment and for Relief from Judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(2), (3), and (4) (Filing No. 135) is denied.

IT IS SO ORDERED.

3

Dated this 7th day of May 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge